

## OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable Weaver H. Baker, Chairman
State Board of Control
Austin, Texas            See V-206 for change in fact situation.

Dear Sir:                          Opinion No. 0-6780
                                   Re:  Application of House Bill
                                        No. 728, 49th Legislature,
                                        concerning purchase of the
                                        old French Embassy with
                                        moneys in the Texas Cen-
                                        tennial Commission fund,
                                        and related questions.

        Your request for opinion of recent date has been
considered carefully by this department.  House Bill No. 728,
which was passed by the 49th Legislature, is entitled:

        "AN ACT providing for the purchase of prop-
    erty known as the French Embassy and consisting
    of two and one-half (2½) acres, known as the Old
    French Embassy property, and all buildings and
    furniture therein.  Said building is hereby set
    aside for the uses and purposes of the Daughters
    of the Republic of Texas, and the said Daughters
    of the Republic of Texas be and the same are here-
    by authorized to take full charge of said build-
    ing and use of the same as they may see proper.
    The property of the said French Embassy shall be
    the property of the State, and the title of said
    property shall remain in custody of the Board of
    Control; and declaring an emergency."

        Section 1 provides:

        "There is hereby appropriated all moneys now
    in the Texas Centennial Commission funds if and
    when available, to apply on the purchase of the
    French Embassy building and all properties there-
    in."

        Section 2 contains a description of the property to
be purchased under said Bill.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable Weaver H. Baker, page 2

Section 3 provides:

"Said building is hereby set aside for the
uses and purposes of the Daughters of the Republic
of Texas, and the said Daughters of the Republic
of Texas be and the same are hereby authorized to
take full charge of said building and use of the
same as they may see proper. The property of the
said French Embassy shall be the property of the
State, and the title of said property shall re-
main in the custody of the Board of Control."

You ask whether the appropriation of the balance of
the Texas Centennial Commission fund is authorized. In our
Opinion No. O-6522, addressed to the Honorable Harley Sadler,
a copy of which is enclosed herewith, we passed on the author-
ity of the Legislature to now appropriate the balance in this
fund for the purpose of purchasing the Embassy. It is the
opinion of this department that the appropriation is authorized,
provided that a release is obtained from the proper Federal
authority before said fund is disbursed.

You ask also:

"What agency is authorized to negotiate for
the purchase of the old French Embassy, and on
what terms?"

By Article XVI, Section 39, of the Constitution of
Texas, the Legislature is given the authority and is charged
with the duty of preserving memorials of the history of Texas.
The intent of the Legislature is most clearly expressed in
House Bill No. 728 -- to effect the purchase of the Embassy,
which is intimately connected with the early history of Texas.
There is some question, however, whether the Legislature pro-
vided for the appropriate mechanism to effectuate its purpose.
No individual or agency is directed to negotiate for the pur-
chase in this bill.

The canons of statutory construction have been ex-
pressed variously in these terms:

"'That which is implied in a statute is as
much a part of it as what is expressed,' is a
settled rule of construction. ... When a stat-
ute commands or grants anything, it impliedly au-
thorizes whatever is necessary for executing its

Honorable Weaver H. Baker, page 3

commands or whatever is indispensable to the en-
joyment or exercise of the grant. ...." 39 Tex.
Jur. 176, Sec. 93.

"Thus it is settled that a statute will be
construed with reference to its intended scope,
its general purpose, and the ends or objectives
sought to be obtained. Every provision, clause
or word of an act will be construed with refer-
ence to its leading idea or general purpose, and
brought, so far as possible, into harmony there-
with." 39 Tex. Jur. 216, Sec. 116.

"A statute or provision should not be given
a construction rendering it fruitless, futile,
meaningless, purposeless, or useless, when the
language can be otherwise construed. The reason
of the rule, is that the Legislature is not to
be credited with doing or intending a foolish,
useless or vain thing ... ." 39 Tex. Jur. 222,
Sec. 118.

House Bill No. 728 gives the Daughters of the Re-
public authority to take full charge of said building and to
use same as they may see fit. We are advised that, although
the unexpended balance of the Texas Centennial Commission
fund is only approximately $24,000, the purchase price of the
Embassy will be substantially in excess of that sum, or ap-
proximately $37,000. The difference of some $13,000 will be
raised by the Daughters of the Republic by private subscrip-
tion.

Under all of these circumstances, all of which must
have been well known to it, it is only logical to assume that
the Legislature intended for the Daughters of the Republic to
negotiate for the purchase of the property described in House
Bill No. 728.

As we have pointed out in Opinion No. 0-6522, the
money in the Texas Centennial Commission fund cannot be re-
leased to the Daughters of the Republic, for to do so would
violate Article III, Section 51, of the Constitution.

However, when there is tendered to the Board of Con-
trol a good and sufficient deed conveying fee simple title in
this property to the State of Texas, you will be authorized to
accept the same for the State. Thereupon you will be author-
ized to request that the Comptroller issue a warrant for the

Honorable Weaver H. Baker, page 4

payment out of the Treasury to the owners of said property, of the balance of said fund, provided, of course, that the actual purchase price of said property is at least equal to that balance. The Comptroller will be authorized to issue said warrant, and the Treasurer will be authorized to pay same, provided the release referred to above has been obtained.

This procedure will effectuate the provisions of House Bill No. 728, that:

"The property of said French Embassy shall be the property of the State, and the title of said property shall remain in the custody of the Board of Control."

Your last question is:

"Is the authorization to the Daughters of the Republic of Texas to take full charge of said building valid?"

This same question arose with reference to the purchase and custody of the Alamo. Acts 29th Legislature, Chapter 7, provided for the purchase of the Alamo by the State, and delivery of the property "to the custody and care of the Daughters of the Republic of Texas." The Supreme Court, in passing upon the validity of such provision in the case of Conley v. Daughters of the Republic, 156 S.W. 197, 200, said:

"The power of the Legislature of this state, with reference to the property in question, is not limited by any provision of the Constitution; therefore, it has in general 'the same rights and powers in respect to property as an individual. It may acquire property, real or personal, by conveyance, will, or otherwise, and hold or dispose of the same or apply it to any purpose, public or private, as it sees fit. The power of the state in respect to its property rights is vested in the Legislature, and the Legislature alone can exercise the power necessary to the enjoyment and protection of those rights, by the enactment of statutes for that purpose. ... The state has, in general, the same power to contract as a corporation or an individual.' 36 Cyc. pp. 869, 871.

Honorable Weaver H. Baker, page 5

"We are of opinion that the state, acting by its Legislature, had the authority to acquire title to the Alamo property and to place that property in the custody of the corporation, the Daughters of the Republic. ..."

Of like import is King v. Sheppard, 157 S.W. (2d) 682, error refused, which concerned the purchase of the Big Bend National Park by the State and delivery thereof to the Federal Government.

We are, therefore, of the opinion that the provision authorizing the Daughters of the Republic to take full charge of the Embassy is a valid one.

Trusting that we have answered your inquiries fully, we are

Very truly yours

ATTORNEY GENERAL OF TEXAS

By *Arthur L. Moller*

Arthur L. Moller
Assistant

ALM:db

FIRST ASSISTANT ATTORNEY GENERAL
AUG. 28, 1945



APPROVED
OPINION
COMMITTEE
BY *BWB*
CHAIRMAN